IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CHRISTOPHER C. SPENCER  *Plaintiff,* | CIVIL NO. 3:08CV00591 |
| v. | **MEMORANDUM OPINION** |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*  *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff Christopher Spencer's Motion to Vacate the Court's January 6, 2009 final Order and Opinion (hereinafter, "Dismissal Order"), which dismissed with prejudice all of Spencer's claims against Defendants American International Group, Inc., AIG Domestic Claims, Inc., National Union Fire Insurance Company of Pittsburgh, Pennsylvania, American Home Assurance Co., James Maddiona, Patrick Regan, and Regan, Zambri & Long, PLLC.[1] Because a motion to vacate may only be granted in "exceptional circumstances" not present in this case, I will deny Spencer's Motion in a separate Order to follow.

## I. BACKGROUND

On January 6, 2009, pursuant to Federal Rule of Civil Procedure 12(b)(6), I dismissed Spencer's defamation, abuse of process, and business conspiracy claims against the Defendants with prejudice. Each of the claims arose out of the Defendants' alleged efforts to cast the blame on Spencer for a costly error that was made in an appeal of a substantial personal injury verdict

---

[1] Because Spencer did not request a hearing and because the facts and legal contentions are adequately presented in the materials before the Court, this matter will be decided on the briefs.

against Wintergreen Partners, Inc. in state court. Since the Dismissal Order was entered, Defendants Patrick Regan and Regan, Zambri & Long, PLLC dismissed Spencer as a defendant in a malpractice action that arose out of the bungled appeal and formed the partial basis of Spencer's suit in this Court. In addition, the AIG Defendants issued a public statement exonerating Spencer from any blame for the error that occurred during the appeal of the state court verdict. In light of these changed circumstances, Spencer asks the Court, pursuant to Federal Rule of Civil Procedure 60(b)(6), to signal to the Fourth Circuit its intention to vacate the Dismissal Order. None of the Defendants object to Spencer's motion.

## II. DISCUSSION

### A. JURISDICTION

In *Fobian v. Storage Technology Corporation*, the Fourth Circuit held that a district court has jurisdiction to entertain a Federal Rule of Civil Procedure 60(b) motion during the pendency of an appeal of a final judgment order:

> [W]hen a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly. If the district court determines that the motion is meritless, *as experience demonstrates is often the case*, the court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order. If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from this court for that purpose.

164 F.3d 887, 891 (4th Cir. 1999) (emphasis added). This Court therefore has jurisdiction to entertain Spencer's Motion during the pendency of his appeal of the Dismissal Order to the Fourth Circuit.

### B. FEDERAL RULE OF CIVIL PROCEDURE 60(B)(6)

Rule 60(b) sets forth the circumstances in which a court may relieve a party of a final judgment or order. Fed. R. Civ. P. 60(b). While Rules 60(b)(1)-(5) enumerate five narrow

circumstances in which relief may be appropriate, Rule 60(b)(6) is an open-ended provision that permits a court to grant relief from a final judgment or order for "any other reason that justifies relief." *Id*. Courts in the Fourth Circuit interpret Rule 60(b)(6) narrowly, granting relief only under "extraordinary circumstances," and applying a general presumption against vacatur when a case has been fully briefed, argued, and decided by a written opinion. *See Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118, 121 (4th Cir. 2000); *Neumann v. Prudential Ins. Co. of Am.*, 398 F. Supp. 2d 489, 492 (E.D. Va. 2005). "[T]he relief of vacatur is equitable in nature," *Valero*, 211 F.3d at 118, and the decision to grant or deny a Rule 60(b)(6) motion is committed to a district court's sound discretion. *Neumann*, 398 F. Supp. 2d at 492.

It is well-settled that extraordinary circumstances warranting vacatur "do not include the mere fact that the settlement agreement provides for vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994); *see also Valero*, 211 F.3d at 121 (holding that the *Bancorp* considerations are relevant to a district court's vacatur decision under Rule 60(b)(6)). Courts have consistently denied Rule 60(b)(6) motions where the parties have reached a settlement agreement conditioned on the vacatur of a prior final judgment order. *See Neumann*, 398 F. Supp. 2d at 491; *Bailey v. Blue Cross/Blue Shield*, 878 F. Supp. 54, 55 (E.D. Va. 1995). Although the parties in this case may not have settled in the sense that Spencer's appeal is still pending, it appears that they have reached a settlement agreement that is conditioned on vacatur.[2] That consideration alone warrants denial of Spencer's Motion. Furthermore, "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the

---

[2] *See* Pl. Mot. Vacate, Dec. of Andrew White, Exh. D, ¶ 5 ("Spencer and the AIG Parties are willing to resolve this action, but only on the condition that the Order is vacated."); Mem. in Supp., Pl. Mot. Vacate, 2 ("Spencer and

public interest would be served by vacatur." *Bancorp*, 513 U.S. at 26. Spencer does not, and cannot, offer any examples of how the public interest might be served by vacatur in this case. While granting vacatur in this case might save Spencer and the Defendants the time and expense of prosecuting the instant appeal, the precedent it might set would not conserve judicial resources and costs in the long run:

> [P]ost-judgment vacatur may facilitate settlement in some cases, with attendant economies for the appellate courts. Yet, it is far from clear that post-judgment vacatur, if granted with any regularity, would conserve judicial resources overall. To the contrary, were post-judgment vacatur readily available, many litigants might thereby be encouraged to forego settlement early in the litigation process, hoping either to prevail at trial or failing that, to bargain away any adverse decision with a settlement conditioned on vacatur. In this way, settlement conditioned on post-judgment vacatur, in sharp contrast to pre-judgment settlement, hardly results in conserving judicial resources.

*Neumann*, 398 F. Supp. at 493.

Although the Dismissal Order repeats claims made by the Defendants that have since been withdrawn, the abandonment of the malpractice suit against Spencer does not change the factual allegations that were presented to the Court or the legal reasoning and analysis supporting the Dismissal Order. "[F]ederal courts exist not just to bring peace between warring parties, but more importantly to give expression and force to the rules and principles (and hence values) embodied in the governing law, including statutes and judicial precedent." *Neumann*, 398 F. Supp. 2d at 493. The Dismissal Order represents not just a resolution of Spencer's claims against the Defendants, but an application of legal rules and principles that have been, and may be, relied on by other courts. While Spencer's desire to eliminate any potential precedential or persuasive effects of the Dismissal Order is understandable, the appropriate avenue for doing so is his appeal to the Fourth Circuit. *See Neumann*, 398 F. Supp. at 493. Granting Spencer's motion for vacatur to facilitate the terms of his settlement agreement would make the Court

---

the AIG Parties are willing to resolve this action on the condition that the Order is vacated.").

appear to be "little more than an elaborate settlement mechanism." *Stolz v. Am. Int'l Life Assur. Co.*, 922 F. Supp. 435, 436 (W.D. Wash. 1996).

Because a court may not grant a motion to vacate simply because a settlement agreement is conditioned on vacatur, and because the public interest in preserving the integrity of the judiciary and conserving judicial resources outweighs Spencer's private interest in vacating the Dismissal Order, the Motion to Vacate will be denied in a separate Order to follow.

The Clerk of Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this _____ day of April, 2009.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE